No. 11,059.

## TAYLOR *v.* WRIGHT, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Expenses of Administration.*—*Order of Payment.*—
Costs incurred by an executor or administrator in prosecuting claims in
favor of an estate, or in defending actions brought against the estate, are
to be regarded as expenses of administration, and under sections 2378 and
2434, R. S. 1881, are entitled to priority of payment over claims of other
classes; but costs incurred by claimants in the successful prosecution of
claims against an estate, can not be classed as expenses of administration,
and are to be paid in the same order as the claims in which they are
recovered.

SAME.—*Attorneys' Fees.*—An administrator can not, on settlement, receive
credit for attorneys' fees incurred by him and paid to a law firm of
which he is himself a member, sharing in the amount so paid.

SAME.—*Right of Trial by Jury.*—There is no right to a trial by jury of ex-
ceptions to the report of an administrator.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter,* for appellant.

*J. Wright* and *J. M. Seller,* for appellee.

HAMMOND, J.—The appellee, as administrator of the es-
tate of George W. Driskill, deceased, filed in the court below
his report, with vouchers, for the final settlement of the estate.
The report shows that the whole amount of assets which
came into his hands as such administrator was $1,751.74.
He asked credit for $1,385.01, leaving for payment on claims
$366.73.   With his report he also filed a statement showing
the amount of unpaid claims, with the *pro rata* amount to be
paid on each, from which it appears that the estate was badly
insolvent, the balance in the administrator's hands being suffi-
cient to pay only about seven per cent. of the indebtedness.

Proceedings in the estate prior to the filing of the final re-
port are not in the record, but it is to be inferred from this
report that there was a previous order of court directing the
settlement of the estate as insolvent.

Among the unpaid claims against the estate reported by
the administrator were two in favor of the appellant, amount-
ing to $2,292.39, upon which, as the *pro rata* amount due

thereon, there was to be paid $156.18 out of the balance in the hands of the administrator.

In the credits claimed by the administrator was one on voucher number eighteen for $465, paid to Wright and Seller, for services as attorneys for the estate; another for $100 for the personal services of the administrator; and another for $140.62, paid to the clerk for costs.

The appellant appeared and filed an exception to each of the above items. Exception No. 1 related to the $465 paid to Wright and Seller; exception No. 2 to the $100 claimed by the administrator for his personal services; and exception No. 3 to the amount paid to the clerk as costs. The appellee demurred to each exception. The demurrer was overruled as to the first and second exceptions and sustained as to the third. Issues were joined on the first and second exceptions. The appellant demanded a trial by jury, which the court refused. There was a trial by the court, with a special finding of facts and conclusions of law thereon, and over the appellant's exceptions to the conclusions of law the court approved the report of the administrator. All the questions in the case can be disposed of in considering the rulings of the court in sustaining a demurrer to the appellant's third exception to the administrator's report, in refusing a trial by jury, and in the conclusions of law from the facts specially found.

The substance of the third exception to the report was that the $140.62, paid by the administrator to the clerk on costs, was for costs incurred and recovered by persons who had successfully prosecuted claims against the estate; such costs having been recovered by them as parts of their judgments or allowances against the estate. It was alleged that the administrator had improperly paid these costs in full. By the former, and also by the present decedents' act, in the order prescribed for the payment of claims, expenses of administration were and are required to be paid before any other claims. Section 109, 2 R. S. 1876, p. 534; section 2378, R. S. 1881. If, therefore, the costs mentioned in the

.third exception were a part of the expenses of administration, it was proper that they should be paid in full before making any payment on other claims. But we are of the opinion that such costs can not be regarded as expenses of administration. Where costs are incurred by an administrator in the proper defence of claims filed against the estate, or in prosecuting claims in favor of the estate against others, such costs pertain to expenses of administration, and their payment has preference over other claims. But costs incurred by persons in prosecuting claims against the estate should not be regarded as expenses of administration. Where such costs are recovered as a sequence of the recovery of allowances of claims against the estate, they stand on the same footing as such claims; in fact, are a part thereof, and are to be paid in the same order. They can not be paid in full unless the assets of the estate are sufficient to pay in full all claims of the class to which they belong.

The law contemplates that a party to a suit pays his own costs; their payment may be enforced against him by fee-bill. If he is successful in his suit he recovers his costs of the adverse party, and the costs thus recovered belong, and must be paid, to him. *Armsworth* v. *Scotten,* 29 Ind. 495; *Palmer* v. *Glover,* 73 Ind. 529. Where, in prosecuting a claim against an estate, one recovers such claim with his costs, the payment of his costs has no preference, but follows the same order of the claim, in the prosecution of which they are recovered; and such costs will, according to the assets of the estate, be entitled to a full or *pro rata* payment with all claims of the same class.

We think the court erred in sustaining the demurrer to the appellant's third exception to the report.

We are of the opinion that there was no error in refusing a trial by jury. Section 2391, R. S. 1881, now amended by section 24 of the act of March 7th, 1883 (Acts 1883, p. 161), clearly has in view that matters in dispute arising on exceptions to the reports of executors and administrators, shall be heard by the court, without a jury. A proceeding of this

kind is not a civil case within the meaning of section 20, art. 1, of Constitution of the State. Section 65, R. S. 1881; *Anderson* v. *Caldwell*, 91 Ind. 451.

The case of *Clouser* v. *Ruckman*, 89 Ind. 65, and cases therein cited, occurred under the decedents' act of 1852. Section 188 of that act, 2 R. S. 1876, p. 556, is omitted in the present decedents' act.

The special finding of facts and conclusions of law by the court below were as follows:

"At the request of the defendant and exceptor, Henry W. Taylor, the court makes the following special finding of facts and conclusions of law:

"1. The court finds that the plaintiff, James Wright, was, on the 20th day of January, 1878, duly appointed, and has since been, and now is the legal and acting administrator of the estate of George W. Driskill, deceased.

"2. The court further finds that the defendant and exceptor herein, Henry W. Taylor, is a creditor of said estate, and is interested in said estate in this, that there is now due and owing to him from said estate the sum of $2,292.39, which has been allowed by the court against said estate.

"3. The court further finds that on the 25th day of January, 1883, the plaintiff, James Wright, as administrator of said estate, filed in said circuit court the final settlement and report put in issue by the exceptions herein, and asked the approval thereof by the court.

"4. The court further finds that the said James Wright is a practicing attorney at law and a member of the bar of said circuit court; and that there exists between said James Wright and one James M. Seller a copartnership for the purpose of practicing law and doing general legal business, and, by the terms of said copartnership, said Wright and said Seller share equally in all fees and allowances which either may receive for legal services, and also in whatever compensation either may in any case receive for personal services rendered in the settlement of any estate by either of them as executor or ad-

Taylor *v.* Wright, Administrator.

ministrator, and said copartnership has so continued to exist, doing business under the firm name and style of Wright & Seller, since the said appointment of said James Wright as administrator of said estate, and for a long time prior thereto.

" 5. The court further finds that the several items, amounting to the sum of $465, mentioned in voucher number eighteen of said report, and for which said James Wright asks credit in said report, were allowed and paid out of the assets of said estate, without any order of court, by said Wright to said firm of Wright & Seller, for legal services rendered in conducting, on behalf of said estate, divers suits and defences, incident to the settlement of said estate; and that, in conducting said suits and defences, said firm appeared as attorneys for said James Wright, administrator of said estate, and the greater portion of said legal services were performed by said James Wright as a member and in the name of said firm, appearing in all of said suits in the firm name of Wright & Seller.

" 6. The court further finds that said legal services, so rendered by said firm of Wright & Seller, were of the value of $465.

" 7. The court further finds that $120 of said $465 was so paid to said firm prior to the 19th day of September, 1881, and that the remainder of said $465 was so paid to said firm since said 19th day of September, 1881; and all of said services were so rendered by said firm prior to said 19th day of September, 1881.

" 8. And the court further finds that the said James Wright, administrator, is not guilty of any wrongful or fraudulent conduct in refusing to admit any claim against said estate, on the claim or appearance docket, nor in permitting any claim against said estate to be transferred to the issue docket for trial.

" From the above and foregoing facts, the court finds the following as its conclusions of law: That the account and final settlement report of James Wright, administrator of the estate of George W. Driskill, deceased, is correct, and that the same ought to be approved."

The question presented by the foregoing finding of facts and conclusions of law is, whether an executor or administrator may, out of trust funds with which he is chargeable, pay for legal services rendered the estate by a law firm of which he is a member, sharing himself in the amount paid? After most careful consideration, we are compelled to answer this question in the negative.

Section 149 of the decedents' act of 1852, which remained in force until September 19th, 1881, 2 R. S. 1876, p. 546, provided that the court should allow an executor or administrator reasonable attorney's fees, where he employed an attorney in the management of the estate, but that such attorney's fees should not be included in the allowance to such executor or administrator for his personal services. The same provision is contained in the present decedents' act, which went in force September 19th, 1881. Section 2396, R. S. 1881. These provisions are too plain for construction. The obvious intent of the Legislature in their enactment was to take from executors and administrators of estates temptation for incurring useless expense in the settlement of the estates represented by them. Every claim filed against an estate must be rejected by the executor or administrator before it can become the subject of litigation. The inducement to reject claims, without regard to their merit, would be greatly increased if the executor or administrator might receive or share in attorneys' fees in resisting their payment. The special finding of facts exonerates the appellee from fraud or wrong. Our opinion is not based upon any suspicion that the services rendered by the firm of which he was a member were unnecessary, or that their charges were exorbitant. Under the statute no compensation whatever can be paid to an administrator for services as attorney in the estate represented by him, without reference to any question of actual fraud.

The principle is the same as that which prevents an administrator from buying real estate, directly or indirectly, at a

sale made by him under an order of court. In such case, however fair and honest the transaction may be, the sale on the general principle of protecting trusts is void. *Morgan* v. *Wattles,* 69 Ind. 260.

The statute prohibiting executors and administrators from receiving compensation for services as attorneys in estates represented by them is simply declaratory of the common law. A learned text-writer says:

"In the United States, trustees are entitled to reasonable compensation. But both in England and the United States, a·trustee can receive no indirect profit from the estate by reason of his connection with it. Thus a trustee can not be appointed *receiver* with a salary, nor would he be appointed without compensation except under peculiar circumstances; for it is his duty to superintend and watch over the receiver. * * * If trustees are factors, or brokers, or commission agents, or auctioneers, or bankers, or attorneys, or solicitors, they can make no charges against the trust estate for services rendered by them in their professional capacity to the estate of which they are trustees. They may employ the services of such agents, if necessary, and pay for them from the estate; but if they undertake to act in such capacities themselves for the estate, they can receive no compensation. This rule is so strict, that if the trustee has a partner, and employs such partner, no charge can be made by the firm; but if the trustee is excluded from all participation in the compensation, the partner of the trustee may be paid like any other person for similar services." 1 Perry Trusts, section 432.

In *Hough* v. *Harvey,* 71 Ill. 72, it was decided that an executor could receive no compensation for professional services as an attorney at law in defending a suit brought against the estate represented by him. It was said in that case: "It never could have been the intention of the law-making power to furnish a motive for executors and administrators to embark in litigation on behalf of the estate. For, if they are to be allowed compensation for their time and trouble in as-

certaining facts and finding witnesses by whom they could be proven, they might find pretexts to keep themselves in constant employment at the expense of the estate. We have no doubt but the services in this case were rendered as claimed, and were highly beneficial to the estate. But however that may be, to sanction the claim would be not only to set a bad precedent, but violate an established and salutary rule of law."

The fact that the appellee had a partner who assisted in performing the services charged for can make no difference. To hold that an executor or administrator, while he may not be compensated out of the estate for his individual legal services, can share with a partner compensation for legal services rendered the estate by the firm, would be suggesting an easy method for evading the law.

The court erred in its conclusions of law.

Judgment reversed, at the personal costs of the appellee, with instructions to the court below to reject the report for final settlement filed by the appellee, and to require him to file an amended report, and for further proceedings in accordance with this opinion.

Filed Jan. 25, 1884.