## In re Estate of SANDERSON.*

### No. 9653; March 29, 1887.

13 Pac. 497.

**Executors—Accounts—Practice.—A Probate Court has the Power**, in the settlement of an executor's account, to allow or disallow any items in the account, even though there is no contest; and, where it is brought to the knowledge of the court that the executor has failed to charge himself with money or property belonging to the

---

*For subsequent opinion in bank, see 74 Cal. 199, 15 Pac. 753.

estate, it is the duty of the court to examine the matter of its own motion.

**Executors—Sale of Currency.**—An Executor has No Authority, without an order of the probate court, to sell currency belonging to the estate for coin, and it rests in the discretion of the court to approve or disapprove the sale.

**Executors—Delay in Collecting Debt.**—If an executor delays to take steps for the collection of a debt until after the same is outlawed, and the delay is not in consequence of any mistake of law, or of advice given by his attorney, he will be liable to the estate for the loss occasioned by his negligence.[1]

**Executors—Joint Executors—Several Liability.**—Each executor of an estate is responsible severally for his own acts, and for money or property which has come to his own hands.

APPEAL from Superior Court, San Francisco.

This is an appeal by L. A. Sanderson, one of the executors of Robert A. Sanderson, from an order made upon the settlement of his accounts, requiring him to charge himself with five hundred dollars currency at its face value, which he had sold for gold coin, the court refusing to approve the sale, and to charge himself with the amount of a note and mortgage of one Braly, which he failed to collect. The note became outlawed, not having been sued on, and thereafter, the maker having died, his executor refused to pay anything. The executor sought to discharge himself for his neglect because his attorney did not advise him to foreclose the mortgage, but the evidence shows that his attorney, who had been employed for other and for specific purposes, advised him to present the claim against Braly's estate, which the executor undertook to do, and failed to attend to.

T. Z. Blakeman for appellant; Cope & Boyd for respondents.

TEMPLE, J.—This is an appeal by the executor from an order settling an account rendered by him to the probate

---

[1] Cited in State v. Germania Bank, 106 Minn. 171, 130 Am. St. Rep. 599, 118 N. W. 686, as authority for the American, as opposed, perhaps, to the English, rule that if a receiver relies on legal advice presumed to be competent, and nevertheless a claim becomes outlawed, that might have been sued upon seasonably in the interest of the estate, he is not to be held responsible.

court. We do not think it necessary to consider the question as to whether the issues made at the contest were sufficient. The court had the power to examine, to allow or disallow, any items in the account, even though there were no contest; and, if it were brought to the knowledge of the court that the executor had failed to charge himself with money or property belonging to the estate, it would be the duty of the judge to examine the matter of his own motion. Such being the case, it must follow that the decree could not be held invalid for the lack of a proper contest or finding. If the contestant were appealing, his right to have the action of the court reviewed might depend upon a proper contest being inaugurated. That matter is not now before us, however.

The first point is in regard to the sale of currency for gold coin. It was sold without obtaining an order of court, and the sale was not approved. This was within the discretion of the court. The executor was properly charged with the Braly note. Had the executor followed the advice of a competent attorney as to a matter of law, the case would be different. Here it is a plain question of negligence. It was the duty of the executor to execute his trust himself, and he cannot rid himself of responsibility by employing an attorney to do that which he ought to have done himself. The delay was not in consequence of any mistake of law, or of advice given by the attorney. It is a simple failure on the part of the executor to do his duty. Nor is the liability joint with his coexecutor. The note was in his individual possession, and the neglect was his. Each executor is responsible severally for his own acts, and for moneys or property which come to his hands. He may also, it is true, under some circumstances, be held for the default of his coexecutor. But that is because each is required to protect the estate, and prevent, if possible, injury from the misconduct of the other. But this is not a joint liability. When injury has resulted from the joint act of both, of course a different rule will prevail.

The order must be affirmed.

We concur: McKinstry, J.; Paterson, J.