[No. 468.   Decided July 7, 1892.]

*In the Matter of the Estate of Benjamin F. Young, Deceased*
FRANK L. KUHN's *Appeal.*

### ADMINISTRATOR ACTING AS ATTORNEY—COMPENSATION.

When an administrator acts as attorney for the estate and prosecutes and collects a claim for damages for the death of his decedent, he is not entitled to more than the usual commissions as administrator, although he may have made an agreement with the heirs for extra compensation.

*Appeal from Superior Court, Pierce County.*

*Shank & Murray,* for appellant.

The opinion of the court was delivered by

STILES, J.—The appellant, as administrator of the estate of Young, deceased, collected $4,300 as damages from the Northern Pacific Railroad Company for causing the death of his decedent.   In presenting his final account he claimed nothing as commission, but asked to be allowed $1,333.33 for money paid to himself as attorney for the heir in prosecuting and collecting the claim against the railroad company.   The court disallowed the demand, but allowed the usual commissions.

The appellant made the collection and brought it into the estate by his report. We must, therefore, assume it to have been within the line of his duty to do all he did. The law fixes his fees for doing his duty, without anticipation that he will make agreements with heirs for additional compensation, as he claims to have done in this case. Such agreements ought certainly to be so far void that a court of probate would refuse to recognize them in the settlement of an administrator's accounts. When a lawyer becomes a voluntary administrator, he takes the office *cum onere*, and although he exercise professional skill in conducting the estate, he does not thereby entitle himself to additional compensation. *Taylor v. Wright*, 93 Ind. 121, *Hough v. Harvey*, 71 Ill. 72.

We concur in the action of the court below, and the order appealed from is therefore affirmed.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.