[No. 5016. Decided April 12, 1905.]

FRANK A. NOBLE, *Administrator of the Estate of Harriet E. Whitten, Deceased, et al., Respondents,* v. WILLIAM WHITTEN *et al., Appellants.*[1]

EXECUTORS AND ADMINISTRATORS—FEES—POSSESSION OF REAL ESTATE—COMMISSIONS UPON. An administrator is entitled to the possession of the real estate and to commissions thereon, as administrator's fees, to be allowed upon final accounting.

SAME—FEES—WAIVER OF. A letter from an attorney who had been agent of the nonresident owner of property, consenting to act as administrator of the estate, and stating that he would continue in charge of the property as theretofore, and protect the interests of the heirs as he had protected the interests of the deceased, is not sufficient to show a waiver by him of statutory administrator's fees.

SAME—ALLOWANCE FOR ATTORNEY'S FEES. An attorney who consents to act as administrator, and who is competent to draw the ordinary papers in the conduct of the estate, is not entitled to an allowance for attorney's fees, where there was no litigation, and no necessity shown for the employment of an attorney, except upon his own contest for illegal fees.

Appeal from an order of the superior court for King, county, Tallman, J., in probate, entered October 20, 1903, allowing the final account of an administrator. Reversed.

*Victor E. Palmer,* for appellants, upon the point that attorney's fees should not be allowed, cited: 2 Woerner, Administrators, § 516; *McGregor's Estate,* 131 Pa. St. 359, 18 Atl. 902; Schouler, Executors (3d ed.), § 544; 11 Am. & Eng. Ency. Law (2d ed.), 1240-1252; *Lilly v. Griffin,* 71 Ga. 535; *Pryor v. Davis,* 109 Ala. 117, 19 South. 440; *Crowder v. Shackelford,* 35 Miss. 321; *Bates v. Vary,* 40 Ala. 421.

[1] Reported in 80 Pac. 451.

*John B. Gordon* and *William Hickman Moore,* for respondents, contended, *inter alia,* that the attorney's fees were properly allowed. *Munden v. Bailey,* 70 Ala. 63; *Estate of Rose,* 80 Cal. 166, 22 Pac. 86; *Pusey v. Clemson,* 9 Serg. & R. (Pa.) 204; *Clark v. Knox,* 70 Ala. 607, 45 Am. Rep. 93; *Forward v. Forward,* 6 Allen 494; *Kingsland v. Scudder,* 36 N. J. Eq. 284; *Jacobs v. Jacobs,* 99 Mo. 427, 12 S. W. 457.

MOUNT, C. J.—This appeal is prosecuted from an order of the superior court of King county, in probate, approving the final account of the administrator of the estate of Harriet E. Whitten, deceased. When the administrator filed his final account and gave notice thereof, as required by law, the appellants appeared and filed numerous objections thereto. These objections were overruled upon a hearing. The facts necessary to an understanding of the points involved on this appeal will be stated hereafter. Appellants, in their brief, present three points for reversal, as follows: (1) That the court erred in allowing the administrator commissions on the appraised value of the real estate; (2) that the administrator is estopped from claiming or recovering more than nominal fees, or fees based on rents collected; and (3) that the court erred in allowing any attorney's fees to the administrator.

It appears that the estate consisted of real estate appraised at the value of $25,000, and personal property appraised at the value of $430. This personal property consisted of money collected for rents prior to the appointment of the administrator. Other rents, amounting to several hundred dollars, were collected during the course of the administration of the estate. The debts against the estate consisted of the expenses of the last sickness and funeral of the deceased, taxes, street assessments against the

real estate, and repairs to the building, and an inheritance tax, amounting, all told, to more than $2,000, substantially all accruing after the death of Mrs. Whitten. The personal estate was insufficient to pay these debts. The administrator was the agent of Mrs. Whitten prior to her death, for the purpose of collecting rents accruing from the real estate. He was also her legal adviser. Subsequent to her death, he was appointed administrator, and, as such, assumed control of the real estate. Appellants contend, that, inasmuch as the title to the real estate vested immediately in the heirs of Mrs. Whitten upon her death, under the provisions of Bal. Code, § 4640, therefore the administrator was not entitled to possession of the real estate, and consequently not entitled to commissions based upon the value thereof. This section of the statute provides:

"When a person dies seized of lands . . . his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration, and any other charges for which such real estate is liable under existing laws," etc.

The same section further provides:

"The title and right to possession of such lands, tenements, or hereditaments so vested in such heirs or devisees, together with the rents, issues and profits thereof, shall be good and valid against all persons claiming adversely to the claims of any such heirs or devisees, excepting only the executor or administrator when appointed and persons lawfully claiming under such executor or administrator," etc.

Bal. Code, § 6200, provides:

"Every executor or administrator shall, after having qualified by giving bond as hereinbefore provided, have a right to the immediate possession of all the real as well as personal estate of the deceased, and may receive the rents and profits of the real estate until the estate shall be

settled and delivered over by order of the court to the heirs or devisees, and shall keep in tenantable repair all houses, buildings, and fixtures thereon which are under his control."

The next section provides:

"Every executor and administrator shall make a return upon oath into the court within one month after his appointment a true inventory of the real and personal estate of the deceased which shall come to his possession or knowledge."

Section 6296 provides:

"The executor or administrator shall take into his possession all the estate of the deceased, real and personal, and collect all debts due to the deceased."

Section 6309 provides:

"Every executor or administrator shall be chargeable in his accounts with the whole estate of the deceased which may come into his possession, at the value of the appraisement contained in the inventory. . . ."

Section 6314 provides that the administrator "shall be allowed commission on the whole estate accounted for by him." Under these provisions of the statute, it is too plain for argument that the administrator is entitled to the possession of the real estate, and is entitled to commissions on the whole estate, both personal and real. It was not error, therefore, for the court to allow such commissions.

Appellants next contend that the administrator is estopped from claiming more than nominal fees. This contention is based upon the fact that Mr. Noble, prior to his appointment as administrator, was agent and attorney for Mrs. Whitten during her life time. It is particularly based upon certain statements made by Mr. Noble to Mr. Whitten, husband of the deceased, in letters passing between them soon after the death of Mrs. Whitten. These letters were as follows:

"Montgomery, Ala., June 7th, 1902.

"Mr. F. A. Noble, Seattle, Wash.

"Dear Sir:—You have doubtless heard of the death of my wife, which occurred on the 4th inst., at Punta Gorda, Fla. I am now on the way with her remains to South Bend, where it was her desire to be buried. Have been detained by bad connections and will probably have to stop over Sunday at Terre Haute. So that we shall not reach South Bend until Monday noon. I shall remain at South Bend a few days, and my object in writing so early is to learn, if possible, before leaving S. B., whether it will be necessary or desirable for me to come to Seattle in the settlement of the estate, as by going direct from South Bend much expense would be saved. My wife had the utmost confidence in you and I desire that you represent my interest and that of my children, if any, and continue to manage the property so far at least as our interests are concerned. I am the legally appointed guardian of the four minor children of my wife's deceased sister Mary. I think there is no will, so that the Seattle property will probably go to heirs, as provided by Washington statutes, and I wish you would advise me as soon as possible the provisions of that law. I wish to hear from you before leaving South Bend, and as I may complete business there before a letter in answer to this can reach me, would request you to wire me at South Bend as soon as possible briefly the provisions of statute and whether advisable for me to come to Seattle.

"Very respectfully, Wm. M. Whitten."

In answer to this letter, Mr. Noble telegraphed Mr. Whitten at South Bend, Indiana, as follows:

"Will advise nothing gained by coming here now. Will continue in charge of the property. Cannot state provisions of law briefly. See letter."

Upon the same date Mr. Noble wrote to Mr. Whitten the following letter:

"William M. Whitten, Esq., South Bend, Indiana.

"Dear Sir:—I was much shocked to learn of the death

of Mrs. Whitten whom I had come to consider something more than a client. The affairs of the estate here are in good condition, and the property is well rented, and I have not been obliged to reduce the income in any way. I was pretty well acquainted with Mrs. Whitten's affairs up to the time she left here, and I believe that you are right in assuming that there is no will. In this case, the laws of this state would make distribution of the estate as follows: One half to yourself, and the balance to the surviving brothers and sisters, and to the children of any deceased brother or sister, by right of representation. Under the laws of this state, such person as you may designate has a first right to letters of administration, provided he is a suitable person and can qualify. I would advise that the sooner proceedings of administration are begun the more satisfactory it will be for all concerned. I take it from your letter that you would like to avoid the expense of coming to this country and remaining a year or more, and that you wish me to take your place in the interest of the estate. If you so desire, you can sign the enclosed authority for my appointment as administrator, which I enclose to you at this time to save any unnecessary delay, and upon receipt of this authority I will immediately take steps to obtain letters of administration. In the meantime, I will continue in charge of the property in the same manner as I have been accustomed heretofore. I have not seen nor heard from any of the others interested in this estate, but do not anticipate that there will be any friction in the administration and distribution of the estate according to law. In any event I will protect your interest and the interest of your children who are heirs, in the same manner and to the same extent as I have heretofore protected the interests of Mrs. Whitten, and will follow any suggestions or directions which you may have to offer. All the property of Mrs. Whitten in this state consists of one piece of realty, well improved, which I believe you have seen, and which, in my opinion, is worth in the neighborhood of $15,000, at a conservative valuation, and brings

a gross income at present of $163.20 per month. Awaiting your further favor, I am,

"Very truly, Frank A. Noble."

The expressions of Mr. Noble, to the effect that he would continue in charge of the property as heretofore, and that he would protect the interests of the heirs as he had heretofore protected the interests of Mrs. Whitten, are not sufficient to show a waiver of fees. There is nothing in these, or other letters or evidence in the record, which discloses any agreement to waive the statutory fees. Under the rule in *In re Field's Estate*, 33 Wash. 63, 73 Pac. 768, the administrator may waive his statutory fees, but the record must show an agreement so to do. Since there is no sufficient showing of that fact, the lower court was right in holding that the administrator was not estopped to claim his statutory fees.

Appellants contend that the court erred in allowing any attorney's fees in the final account. There is no express provision of the statute authorizing an allowance for attorney's fees, in the settlement of estates by an executor or administrator, but the statute provides, at Bal. Code, § 6312, that an executor or administrator "shall be allowed all necessary expenses in the care, management and settlement of the estate and for his services such fees as the law provides." Under this statute, if it should be necessary for the administrator to employ an attorney or other person in the care, management, or settlement of the estate, he should be allowed his reasonable expenses in that behalf. But before the allowance can be made, there must be necessity for the employment. In this case, the record shows that the administrator was a lawyer. He had control of the estate as agent and attorney for the deceased during her life time. He was allowed a claim of $200, for services and advice to Mrs. Whitten prior to her death.

Mr. Whitten, the principal heir, desired to retain him as attorney to represent "my interest and that of my children, if any, and continue to manage the property, so far at least as our interests are concerned;" and, upon this request, Mr. Noble voluntarily offered to serve as administrator. Because of these facts, no doubt, Mr. Whitten consented to his appointment as administrator, and, because of his ability and fitness to conduct the administration of the estate, the court appointed him. There was no litigation concerning the administration of this estate. It was just an ordinary administration with no legal or other complications, and, in view of the fact that the administrator himself was an attorney, competent to transact all the business connected with the administration, we see no necessity at all for the employment of an attorney to assist him.    As was said by this court in *Kuhn's Appeal,* 4 Wash. 534, 30 Pac. 643:

"When a lawyer becomes a voluntary administrator, he takes the office *cum onere,* and although he exercise professional skill in conducting the estate, he does not thereby entitle himself to additional compensation.    *Taylor v. Wright,* 93 Ind. 121; *Hough v. Harvey,* 71 Ill. 72."

For the same reason, and the additional reason that the administrator is presumed to have been appointed because of his ability and fitness to attend to and manage the estate, we think he is required to exercise his professional skill and conduct the business of the estate himself, unless there is necessity shown for the employment of legal assistance. We do not mean to hold that an administrator shall, in all cases, be deprived of the advice and assistance of counsel in the administration of estates.    Where the administrator is not a lawyer, he no doubt requires the assistance of one in the preparation of legal papers, and in all other matters where an attorney would ordinarily be em-

ployed. But where the administrator is a lawyer, and competent to prepare his own ordinary papers in the conduct of the estate, he should be required to do so without extra compensation. Where there is litigation concerning the estate, and the administrator is a party, under such circumstances, the services of a legal assistant would no doubt be necessary and proper. This is not such a case. The only time in the course of the administration of the estate when an attorney or assistant to the administrator was necessary was in the trial of the questions now presented here. These questions were caused by the administrator attempting to obtain an allowance to which he was not entitled. He should not be authorized to employ an attorney for that purpose.

The order appealed from is modified to the extent of striking out the allowance of attorney's fees; appellants to recover costs on this appeal.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.