(July 25, 1921.)

DANIEL NEEDHAM, as Executor of the Estate of KATE NEEDHAM HALLORAN, Deceased, Appellant, v. JOSEPH NEEDHAM, One of the Residuary Legatees of said Estate, Respondent.

[200 Pac. 346.]

EXECUTOR'S ACCOUNT — CHARGE AGAINST ESTATE — CHARGE AGAINST RESIDUARY SHARE—OBJECTIONS TO ACCOUNT—FORM OF—DUTY OF COURT TO REJECT IMPROPER ITEMS—TRANSCRIPT OF EVIDENCE—FINDINGS—PRESUMPTIONS—ATTORNEY FEE—LAW PARTNER—COMPENSATION OF EXECUTOR—DUTY OF LAWYER WHEN EXECUTOR TO USE PROFESSIONAL SKILL—LEGAL ASSISTANCE.

   1. A charge for expenses and attorney fee incurred by an executor, on an appeal from an order of the probate court approving the final account, is one against the estate, though sought to be charged against the residuary share of the legatee taking the appeal.

   2. No particular form of pleading is prescribed for objections to an executor's account other than that they be in writing and point out the matters objected to.

   3. It is the duty of the court, although no objections are interposed to the account of an executor, to scrutinize the account with a view to rejecting improper items.

4. *Held,* that the court did not err in overruling the demurrer to the objections to the amended supplemental account of the executor in this case.

5. In the absence of the evidence, it is to be presumed that the findings of the trial court are supported and justified by the evidence.

6. The amount of compensation to which an executor is entitled is fixed by C. S., sec. 7690. An executor is, therefore, not entitled to recover, either from the estate or the distributive share of a legatee under the will, an attorney fee paid to his law partner, the presumption being that the income of the partnership is shared by the partners.

7. An administrator who is also a lawyer is required to exercise his professional skill to conduct the business of the estate himself, without extra compensation, and without legal assistance unless a necessity is shown for the employment of such assistance.

APPEAL from the Tenth Judicial District of Idaho, for Lewis County. Hon. Wallace N. Scales, Judge.

Appeal from judgment disallowing executor's claim for expenses and attorney fee. *Affirmed.*

S. O. Tannahill, for Appellant.

The attorney's fees, costs and expenses are chargeable to the heir or creditor who prosecutes the proceeding. (2 Woerner's Administration, sec. 516; *In re Bell's Estate,* 145 Cal. 646, 79 Pac. 358.)

"Neither expenses incurred by the administrator in procuring the removal of the guardian of a minor heir, nor money advanced for the heir's benefit, are proper charges in the settlement of the administration account, though they may be allowed as credits upon the distributive share of the heir when a settlement with him is made." (*In re Rose's Estate,* 80 Cal. 170, 22 Pac. 86.)

Publisher's Note.

7. Right to compensation for legal services of executor or administrator, see note in **Ann. Cas.** 1913A, 1273.

P. W. Mitchell, for Respondent.

An executor or administrator cannot be allowed, as against the estate, the costs and expenses of litigation or the employment of counsel for his own individual benefit. (18 Cyc. 280.)

"When a lawyer becomes a voluntary administrator, he takes the office *cum onere*, and, although he exercises professional skill in conducting the estate, he does not thereby entitle himself to additional compensation." (*In re Young's Estate*, 4 Wash. 534, 30 Pac. 643; *Doss v. Stevens*, 13 Colo. App. 535, 59 Pac. 67.)

"Attorney's fees are recognized as proper items of expense when the services of attorneys are reasonably required." (*Luke v. Kettenbach*, 32 Ida. 191, 181 Pac. 705; *In re Thompson's Estate*, 101 Cal. 349, 35 Pac. 991, 36 Pac. 98, 508.)

McCARTHY, J.—Appellant is the executor of the estate of Kate Needham Halloran, deceased, and he and respondent are the sole residuary legatees under her will. From a decree of the probate court approving the final account of the executor, respondent appealed to the district court. The appeal was later dismissed with respondent's consent. Appellant filed a claim in the district court for $8.78 expenses and a $50 attorney fee incurred on said appeal, which was disallowed. He then filed the same claim in the probate court which disallowed it on the ground that it had no authority to allow it. On a second appeal the district court remanded the cause with instructions to the probate court to hear it. Upon the hearing the claim was disallowed by the probate court, and upon another appeal this order was affirmed by the district court. In the course of the protracted litigation the claim had increased to $177.53. Appellant's account prayed that the expenses and attorney fee be allowed and charged against the residuary legacy of respondent, the theory being that they were incurred because

of respondent's appeal. The objections filed by respondent were on the ground that the items sought to be charged were not actual or necessary items of expense against the estate and were not legal charges against it. A demurrer to the objections interposed by appellant was overruled. The district court found that appellant had been liberally paid for extraordinary services, including attorney fees, and that the expenses claimed were not necessarily incurred, and entered judgment disallowing the claim.

The principal point urged by appellant is that the findings of the lower court were not responsive to any issue, because the claim was urged against the residuary share of respondent, and the objection was that it was not a legal charge against the estate. This is too narrow a view to take of the matter. While appellant asked that the claim be paid out of the residuary share of the respondent on the theory that he had wrongfully taken an appeal, yet it could be allowed only on the ground that the expenses and attorney fee were necessarily incurred by the executor in transacting the business of the estate. Thus it was primarily a claim against the estate. The fact that respondent could be compelled to exonerate the estate, by an order requiring the claim, if allowed, to be paid out of his residuary share, does not alter its true nature. No particular form of pleading is prescribed by the statutes for an objection to an executor's account. It is sufficient if the objections be in writing, and point out the matters objected to. (C. S., sec. 7695.) We conclud˙ that the issues were broad enough to justify the findings above referred to.

The evidence taken is not before us. Therefore there is nothing to show that the trial court's findings were not justified.

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Dunn and Lee, JJ., concur.

BUDGE, J., Concurring Specially.—This appeal is from a judgment by the district court disallowing a claim by ap-

pellant, as executor, against the estate of Kate Needham Halloran, deceased, and the distributive share of respondent therein.

From the record it appears that the final account of appellant, as executor of said estate, was filed and settled by the probate court on Feb. 7, 1916; that respondent, one of the residuary legatees, appealed from the decree settling said account on April 3, 1916; that the executor moved to dismiss said appeal, and before the motion was finally submitted respondent informed the court and the executor that he did not desire to press the appeal; that the appeal was dismissed on June 6, 1916, with costs awarded to the executor, and the cause was remanded to the probate court; whereupon the executor filed a cost bill in the district court claiming $8.78 expenses (not court costs), and $50 attorney fee paid to Delos J. Needham, his son and law partner; that this cost bill was disallowed, and on Nov. 22, 1916, the executor filed a supplemental account in the probate court claiming $67.88, for expenses and attorney fee; that said account was dismissed by the probate court on May 22, 1917, without a hearing thereon; that the executor appealed to the district court therefrom; that the district court reversed the cause and remanded it for hearing and settlement; that on July 23, 1917, the executor filed an amended supplemental account in the probate court, claiming $109.65 additional disbursements, or a total of $177.53, all of which he asked to have decreed as a charge against the share of Joseph Needham; that respondent filed written objections thereto; that appellant demurred to the objections; that the demurrer was overruled and the claim disallowed by the probate court; that appellant appealed to the district court, where the demurrer was again overruled and the cause tried and judgment rendered against appellant, from which this appeal is prosecuted.

There are three material points urged upon this appeal, first, that the court erred in overruling the demurrer, and second, that the court erred in finding that the items set out

in the amended supplemental account were not proper charges against the distributive share of Joseph Needham, and third, that said items were not proper charges against the estate.

There is no merit in the first contention. C. S., sec. 7704, provides that:

"On the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account and contest the same."

The statute nowhere prescribes the form or nature of the "exceptions in writing" which may be filed, and we think it is necessary only that the exceptions state specifically the grounds for objection. (Ross on Probate Law and Practice, vol. 1, sec. 508, p. 788.) In any event, it is the duty of the court, although no objections are interposed, to scrutinize the account with a view of rejecting improper items. (*Estate of Willey,* 140 Cal. 238, 73 Pac. 998; *Estate of More,* 121 Cal. 635, 54 Pac. 148; *Estate of Sanderson,* 74 Cal. 199, 15 Pac. 753; Id., 13 Pac. 497.)

The trial court found that the items claimed in the amended supplemental account were not necessary expenses chargeable to the estate or the distributive share of respondent. No transcript of the evidence on which the court based this finding is before us. The rule is well established that in the absence of the evidence it is to be presumed that the findings were supported and justified by the evidence. (*First Nat. Bank v. Staley* (N. M.), 195 Pac. 514.)

Moreover, appellant is not entitled to recover the $50 attorney fee claimed in the supplemental account for the reason that this fee was paid to Delos J. Needham, his son and law partner, the presumption being that the income of the partnership is shared by the partners. The amount of compensation to which an executor is entitled is fixed by C. S., sec. 7690, and this may not be increased by any subterfuge.

Furthermore, the rule is well established that an administrator who is also a lawyer is required to exercise his professional skill to conduct the business of the estate himself, without extra compensation, and without legal assistance unless a necessity is shown for the employment of such assistance. (*Noble v. Whitten*, 38 Wash. 262, 80 Pac. 451; *In re Young Estate*, 4 Wash. 534, 30 Pac. 643; *Taylor v. Wright*, 93 Ind. 121; *Doss v. Stevens*, 13 Colo. App. 535, 59 Pac. 67; *Hough v. Harvey*, 71 Ill. 72; *In re Evans*, 22 Utah, 366, 83 Am. St. 794, 62 Pac. 913, 53 L. R. A. 952.)

Dunn and Lee, JJ., concur.