[Sac. No. 721.   Department Two.—May 31, 1901.]

In the Matter of the Estate of BARTOLOMEO BRIGNOLE, Deceased.   JOSEPH MORIZIO, Executor, Appellant. VINCENT BRIGNOLE, Executor, and J. C. BRIGNOLE, Executrix, Respondents.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF EXECUTORS—ATTOR-NEY'S FEES. — Where the court, upon the final settlement of the accounts of three executors, allowed a reasonable sum for the services of attorneys for two of the executors, and also allowed an equal sum for all the services of the attorneys of the third executor, the allowance made to such executor will not be held insufficient upon appeal, by reason merely of the fact that one of three attorneys employed by him rendered special services to him after the other two had been discharged, where it is not found or made to appear in the record that such services were needed by the estate, and were of advantage to the estate, and were not in lieu of the duties imposed upon such executor.

ID. — ATTORNEY'S SERVICES TO DO WORK OF EXECUTOR. — If an executor employs an attorney to do work for him which is included in the services for which he receives a commission, such services should be paid for by the executor himself; and the court ought not to make an allowance therefor.

ID. — JURISDICTION OF COURT — DETERMINATION OF REASONABLENESS OF ATTORNEY'S FEES. — The court has no power, in the absence of stipulation, to fix an attorney's fee in an estate; but it can, and must, determine whether a fee charged is a reasonable sum to be charged to the estate on account of legal services rendered to the estate.

APPEAL from a decree of the Superior Court of Amador County settling the final accounts of executors, and from an order fixing the value of legal services.   R. C. Rust, Judge.

The facts are stated in the opinion of the court.

R. B. Tappan, and Reed & Nusbaumer, for Appellant.

C. P. Vincini, for Respondents.

TEMPLE, J. — This is an appeal taken by one of three executors from a decree of final settlement and an order fixing the value of legal services.   The estate was valued at ninety-four thousand dollars.   The administration was all fair sailing. There was no dispute or controversy about anything.   It was a mere matter of going through the forms and waiting for the lapse of the time required.   In the final settlement the court allowed, on account of the services rendered, two of the executors $750, and the same amount for the appellant, Morizio, for the services of his attorneys.   Certainly, this was enough, especially for the appellant, whose attorneys apparently rendered very little service.   The trouble seems to be that Morizio employed three attorneys, — McGee, Tappan, and Simpson. During the administration the executor discharged his attorneys, and employed Tappan alone as his attorney.   In the decree settling the final account, the court allowed the executor $250 on account of services rendered by McGee, and $500 for services rendered by Tappan and Simpson.   The point is made, that as Tappan is shown to have rendered some services after his separate employment, the court was bound to make an allowance on account of them.   But this is not so.   It must also find, to justify such allowance, that the executors needed the service of an attorney, and that the services were worth something to the estate.   If, in this case, the court had ex-

pressly found that the services of Tappan were of no value to the estate, and had therefore allowed nothing on account of them, there is nothing in the record which in such case would necessitate a reversal.

The executor is paid a commission for certain services. If he employs an attorney to do such work instead of doing it himself, the court ought not to make an allowance for it. Such services should be paid for by the executor himself. Otherwise the estate is made to pay twice for the same services. It is a question whether the affidavit of Mr. Tappan shows the rendition of any service which was needed by the estate, or was of advantage to it.

There is a statement in the bill of exceptions, which, as I understand it, is to the effect that at the time the final account was settled, the court was not aware that Tappan demanded any pay for services, apart from the claim of McGee and Simpson. This being so, the court must have estimated the value of all the legal service rendered to Morizio at $750, which was allowed. This is conclusive. If, because of some unwise bargain, Morizio owes Tappan more, he nevertheless cannot collect it from the estate. The court had no power, in the absence of a stipulation, to fix an attorney's fee in an estate, but it can, and must, determine whether a fee charged is a reasonable sum to be charged to the estate on account of legal services rendered to the estate.

The order and decree appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.