[Civ. No. 12180. Second Appellate District, Division Two.—May 24, 1939.]

In the Matter of the Estate of PAUL N. BOGGS, Deceased. JOSEPH I. KING et al., Executors, etc., Appellants, v. ELIZABETH B. BOGGS, Executrix, etc., et al., Respondents.

Joseph I. King, *in pro. per.*, for Appellants.

Brooks Gifford, *in pro. per.*, and Morton H. Eddy for Respondents.

WOOD, J.—The appellants, creditors of the estate of Paul N. Boggs, deceased, have appealed from the orders of the court sitting in probate for the payment of fees to the executrix, to her attorney, and to an accountant; also from the order of the court settling the account current of the executrix.

At the time of his death decedent owned certain real estate and certain shares of corporate stock, which were appraised as of the total value of $443,745. The Farmers and Merchants National Bank of Los Angeles held a trust deed covering the real estate and also held all of the corporate stock to secure an indebtedness to the bank of more than $500,000. Before the executrix qualified the bank had sold some of the stock in partial satisfaction of the obligation and since her qualification, has continued to sell stock from time to time. Under the pledge agreement the bank retains all of the income from the stock and under the terms of the deed of trust collects all of the rents from the realty. The only property of the estate actually held by the executrix is the sum of $3,000. The executrix filed an account current showing as assets of the estate for which she considered herself chargeable all of the pledged stock and encumbered realty as well as the rents, issues and profits from such property which had been collected by the bank and applied in reduction of the debt. In her account she credited herself with all amounts received by the bank as dividends and rents and from sales of stock as having been paid by the estate to the bank.

Six months having elapsed from issuance of letters testamentary the executrix applied to the court for an allowance upon her commissions under the provisions of section 904 of the Probate Code. The attorney for the executrix also filed an application for an allowance of fees under section 911 of the Probate Code. The court made an order allowing the sum of $1,000 to the executrix on account of fees and a similar amount to her attorney. The court also allowed the sum of $250 to be paid to John I. Bolen, an accountant and tax counselor, for services rendered in preparation of the account and in the preparation of tax returns.

Appellants contend that the court erred in allowing the sum of $1,000 each to the executrix and the attorney, arguing that the amounts are excessive in view of the value of the estate. It is apparent that if the entire estate is of the value of $3,000, or thereabouts, the allowance must be considered as excessive. Respondent argues, however, that the value of the estate should be considered as the amount of the appraised value of all of the property including that held by the bank in pledge. It is provided in section 901 of the Probate Code: "The executor . . . shall receive commissions upon the amount of estate accounted for by him . . . " In section 920 of the Probate Code it is provided: "Every executor and administrator is chargeable in his account with all of the estate of the decedent, which comes into his possession, and with all the income, issue and profits of the estate . . . " In section 600 of the Probate Code it is provided that the executor must file with the clerk an inventory of the estate "which has come to his possession or knowledge". It will be noted that the executrix is required to set forth all of the estate which shall have come to her knowledge but she is chargeable in her account with only that part of the estate which may have come into her possession. In demanding fees for her services she is entitled to payment based upon the value of the estate which is "accounted for". The question here involved was presented to the Supreme Court in *Estate of Simmons,* 43 Cal. 543, the statutes at the time of that decision being in the same language as are the statutes now governing. In that case the court decided the issues involved adversely to the contention of the executrix and her attorney, the court saying: "We are of opinion that an administrator cannot be said to have 'ac-

counted for' an estate, in the sense of the statute, unless he shall first have taken it into possession. He is charged by the statute, as we have already seen, with the value of 'the whole of the estate of the deceased which may come into his possession' (sec. 216); and it is made his duty to 'take into his possession all the estate of the deceased, real and personal'. (Sec. 194.) When he shall have taken the property into possession and accounted for it, he is entitled to compensation by way of commissions upon its value. Unless he take it into possession, he is not charged in his account with its value. He may, and doubtless would, incur a responsibility, should he fail to take it into possession when he lawfully might, if by such failure it should become ultimately lost to those entitled to its benefits; but as affording a basis for the allowance of commissions, the value of the estate which has been taken into possession, and having been in possession has been accounted for, is alone regarded." The same conclusion on similar situations has been reached by the courts of Missouri and New York. (*Hitchcock* v. *Mosher*, 106 Mo. 578 [17 S. W. 638]; *In re Mercantile Trust Co.*, 210 N. Y. 83 [103 N. E. 884].)

A different factual situation is presented in the appeal from the order allowing the sum of $250 to the accountant. In section 900 of the Probate Code it is provided that the executrix shall be allowed all necessary expense in the care, management and settlement of the estate. An executrix should be allowed expert assistance in handling the estate if the employment of an expert is reasonably necessary and it is largely within the discretion of the probate court to determine whether such employment is reasonably necessary. (*In re Levinson*, 108 Cal. 450 [41 Pac. 483, 42 Pac. 479].) In this case difficult problems were presented in the matter of filing income tax returns, problems which ordinarily an executrix could not be expected to solve without expert assistance. Indeed, it is claimed that through the advice and efforts of Mr. Bolen the bank was induced to file an amended claim by which the tax was reduced. We do not perceive an abuse of discretion in the court's order allowing the sum of $250 for Mr. Bolen's services. (*Estate of Broome*, 162 Cal. 658 [122 Pac. 470].)

Appellants filed exceptions to the account, alleging that certain specific property in the possession of the executrix and claimed to be owned by her individually was in fact

the property of the decedent and should have been inventoried and accounted for by the executrix; that such property was transferred to the executrix by decedent, at a time when he was insolvent, in an effort to defraud his creditors. The court refused to receive any evidence concerning the circumstances supporting the alleged fraudulent acquisition of this property by the executrix or the insolvency of decedent and refused to make a decree concerning the title to this property. In this the court erred. Although the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate, it well established that ''when the title to property is claimed by a representative of an estate in his individual capacity the superior court, sitting in probate, is vested with the jurisdiction of determining the validity of such claim upon the settling of the final accounts of such representative''. (*Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820, 821].)

Our disposition of the first point hereinabove discussed makes it unnecessary to pass upon appellants' contention that the executrix was allowed credits for payments made without the filing of vouchers, since it appears that the sums paid out, with the exception of the payment to Mr. Bolen, never came into her possession but were received by the bank and applied to the reduction of the obligation for which the property was pledged to the bank.

The orders allowing fees of $1,000 each to the executrix and her attorney are reversed. The order allowing the sum of $250 as payment for the services of John I. Bolen is affirmed. The order settling the account current is reversed with directions to the probate court to settle the account in accordance with the views herein expressed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 24, 1939.