Filed 5/31/13  Marriage of Weaver CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of BOYD KEVIN and VICKI L. WEAVER. | |
| BOYD KEVIN WEAVER,<br><br>        Respondent,<br><br>v.<br><br>VICKI L. WEAVER,<br><br>        Appellant. | A134687<br><br>(Alameda County<br>Super. Ct. No. HF08383680) |

Lead counsel for appellant Vicki L. Weaver (Vicki) claims he did not realize a trial was set for October 3, 2011.  He sent a junior attorney and informed Vicki her presence was not required.  He was wrong.  Trial proceeded.  Vicki contends her right to due process was violated.  We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2008, respondent Boyd Kevin Weaver (Boyd) petitioned to dissolve his marriage to Vicki.  The trial court issued a judgment of dissolution on June 4, 2009.

A long-cause hearing was set to address several lingering issues, including past due and future child support payments.  The hearing, initially set for June 14, 2011, was continued to September 14, 2011 at Vicki's request.  On August 24, 2011, Vicki sought another continuance.  Two days later, on August 26, 2011, the trial court made two

1

entries on its register of actions: (1) "Hearing Reset to Non-Jury Trial—Family Law 10/03/2011 02:00 PM D -514; and (2) "Hearing Reset to OSC—Family Law 10/03/2011 02:00 PM D -514." That same day, the trial court inserted the October 3 date into a proposed order Vicki's counsel had furnished and mailed the order to the parties, along with a notice of hearing which stated: "Notice is hereby given that the above entitled action has been set for: Non-Jury trial—Family Law. You are hereby notified to appear at the [Hayward] Court location" at "Date: 10/03/2011 Time: 02:00 P.M."

According to lead counsel for Vicki, he "received notice from the Court that the Non-Jury trial . . . had been . . . reset to October 3, 2011" while his associate attorney received a telephone call from the clerk "confirming that a status conference had been set for October 3, 2011 at 2:00 pm." Believing only a status conference and not a trial would occur on October 3, Vicki's lead counsel told her she need not attend court on that date.

On October 3, the associate attorney appeared in court alone and claimed she was unprepared for trial. She told the court she thought, based on a conversation with the clerk, that day's hearing was only to set a date for trial. Boyd and his counsel, meanwhile, were present and ready for trial. The trial court denied Vicki's counsel's request for another continuance but granted a short recess so counsel could try to contact Vicki and have her appear. Counsel's efforts were unsuccessful. Trial commenced. Both counsel questioned all witnesses and a decision was rendered.[1]

The trial court, as memorialized in its later written order[2], found Vicki had paid $1,792 in child support as of September 30, 2011, but owed $19,808 in child support arrears as of that date. It further found Vicki had access to over $170,000 in liquid assets from which to pay child support. The trial court then (1) denied, without prejudice, Vicki's motion to modify child support and kept in effect the then-current child support

_____

[1] Apparently no reporter's transcript was made of the October 3, 2011, since none is in the appellate record.

[2] The trial court did not file a written order until December 9, 2011.

2

order, commanding Vicki to pay $1,000 per month; (2) fixed child support arrears at $19,808 and ordered payment forthwith by Vicki to Boyd; (3) ordered Vicki to pay Boyd $875 for her share of preparing QDROs (Qualified Domestic Relations Orders); and (4) took costs, fees, and sanctions for the entire matter under submission. The trial court later awarded Boyd $20,000 for attorney fees.

On October 21, 2011, Vicki filed a motion to set aside the trial court's child support order under the excusable neglect (or "discretionary") provision of Code of Civil Procedure section 473[3] and also filed a motion for new trial under section 657. Boyd filed opposition on January 10, 2012. The trial court denied the motions by written order on February 2, 2012. The order stated: "Here the court has made it clear that written notice of trial was sent to counsel not once, but twice. The court's website clearly listed the matter as having been set for trial. One week prior to trial, [Boyd] filed trial documents and sent copies to [Vicki's] council [*sic*]." Failing to prepare for or contemplate trial was under these circumstances, it concluded, was "not a valid excuse."

Vicki filed a notice of appeal on February 21, 2012.[4]

---

[3] All further statutory references are to the Code of Civil Procedure unless indicated.

[4] The notice of appeal identified only the February 2, 2012, order denying the section 473 and new trial motions. An order denying a motion to vacate is appealable. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1409, fn. 3; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1266.) An order denying a new trial motion, however, is not appealable. Nonetheless, "a reviewing court should construe a notice of appeal from an order denying a new trial to be an appeal from the underlying judgment when it is reasonably clear the appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced." (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19, 22.) The court's order affecting child support (orally made on October 3, 2011, and memorialized in writing on December 9, 2011) is appealable (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 554 [child support modification]; *In re Marriage of Brinkman* (2003) 111 Cal.App.4th 1281, 1287 [arrears]), and we construe Vicki's notice of appeal to include that order.

3

*Denial of the Motion to Vacate*

Section 473 states that a court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) "This part of section 473 is recognized as invoking the trial court's discretion, and the judgment of the trial court ' "shall not be disturbed on appeal absent a clear showing of abuse." ' " (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 694.)

Vicki, however, has explicitly declined to seek review of the trial court's denial of her section 473 motion on a statutory basis, stating in her reply brief at page 5 "the only issue relevant . . . is the constitutional issue" and "the issue is narrower in scope than whether or not the lower court abused its discretion under the Code section." Vicki reiterates this position on page 9 of her reply brief, stating "[w]hether . . . the lower court denied [Vicki's] motion for a new trial or set aside on the basis of alleged excusable neglect by her attorney is . . . irrelevant to this appeal. . . . [T]he sole issue . . . is whether [Vicki] was denied her constitutional right to due process at trial."

Thus, Vicki's sole claim on appeal is deprivation of due process based on the trial court denying a continuance and proceeding with trial when her attorney was present but she was not. (See *Parker v. Dingman* (1975) 48 Cal.App.3d 1011, 1018 [reversing denial of an excusable neglect section 473 motion because due process violated by continuing trial without counsel when scheduling errors occurred].)

Generally, "[t]he decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse

4

thereof appearing in the record.  [Citation.]  The burden rests on the complaining party to demonstrate from the record that such an abuse has occurred." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984–985; see also *People v. Jacobs* (2007) 156 Cal.App.4th 728, 735–736.)  Abuse of discretion in this context typically means " ' " ' "outside the bounds of reason" ' " ' " or "arbitrary, whimsical, or capricious." (*Jacobs*, *supra*, at p. 736.)  Put another way, a reviewing court will "only interfere with [the lower court's] ruling if [it] find[s] that under all the evidence, viewed most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result." (*Estate of Billings* (1991) 228 Cal.App.3d 426, 430.)

"[A] continuance may be so arbitrary as to deny due process." (*People v. Beames* (2007) 40 Cal.4th 907, 921.)  But " '[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' " (*Ibid.*, quoting *Ungar v. Sarafite* (1964) 376 U.S. 575, 589.)  " 'The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*Ibid.*)  "These matters are, of course, arguable" and different judges will rationally reach different results. (*Ungar v. Sarafite*, *supra*, 376 U.S. at p. 591.)  Factors to consider include " ' "the benefit which the moving party anticipates[,] . . . the likelihood that such benefit will result, the burden on other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion." ' " (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037; see also *People v. Howard* (1992) 1 Cal.4th 1132, 1171–1172 [" '[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.' [Citation.]  Instead, '[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' "].)

Vicki cites *In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281, 291 (*Carlsson*) and *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 677

5

(*Kelly*), which hold that unfairly "[d]enying a party the right to testify or to offer evidence is reversible per se." In *Carlsson*, a family law court put arbitrary time limits on the presentation of evidence and deemed a husband's case-in-chief concluded before he finished presenting his evidence. This "method of conducting a trial [could not] be condoned" and resulted in denial of due process. (*Carlsson*, *supra*, at pp. 290–292.) In *Kelly*, an erroneous ruling on motions in limine "prevent[ed] plaintiffs from offering evidence to establish their case, meaning the error is reversible per se." (*Kelly*, *supra*, at p. 677.)

The matter before us, however, does not involve a judge capriciously cutting off testimony or prejudicially shaping the scope of evidence. Rather, the issue is the whether the trial court here could, in an extremely long-running and contentious dissolution matter, deny a further continuance of a particular hearing under the " 'circumstances presented, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*People v. Howard*, *supra*, 1 Cal.4th at p. 1172.)

Vicki had already benefited from the court granting at least one earlier continuance of the trial. There is no dispute Vicki's counsel received written notice of the October 3, 2011 trial date, and the trial court concluded, we believe rationally, that Vicki's counsel could not have reasonably relied on any allegedly conflicting information dispensed in a telephone call with the court's clerk. (*Ungar v. Sarafite*, *supra*, 376 U.S. at p. 591 [some "matters are, of course, arguable, and other judges in other courts might well grant a continuance in these circumstances" but "the fact that something is arguable does not make it unconstitutional"]; see also *Kromm v. Kromm* (1948) 84 Cal.App.2d 523, 527 [noting there is sometimes no relief for an attorney who "merely relies upon the statement of the clerk" that a continuance will occur].) Vicki was given a reasonable opportunity to be heard, and although counsel may have kept her from appearing in person, due process was satisfied and the trial court did not abuse its discretion. (See *Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1329 ["the United States

Supreme Court [has] held that due process require[s] timely and adequate notice and an effective opportunity to be heard"].)

Vicki's troubles on appeal are compounded because she has provided no record of her request for continuance or the court's response. While the court's written order of February 2, 2012, makes passing reference to the request, we are left to speculate what arguments counsel presented in support of the continuance and what reasons the trial court stated in denying the request. For instance, we do not know if counsel requested a day or a month, nor do we know if counsel asserted whether the continuance would allow presentation of any particular evidence. We have also been precluded from assessing the performance of Vicki's counsel at that hearing.

Vicki's omission from the record on appeal of pertinent portions of the clerk's transcript and reporter's transcript not only frustrates our analysis (see *People v. Frye* (1998) 18 Cal.4th 894, 1013, overruled in part on another ground as stated in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22 ["In determining whether a denial [of a continuance] was so arbitrary as to deny due process, the appellate court looks to the circumstances of each case and to the *reasons presented for the request.*"], italics added), it is in fact "fatal" to her appeal (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' . . . 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Id*. at p. 187; see also *Mendoza v. City of West Covina* (2012) 206 Cal.App.4th 702, 718–719.) For this additional reason, the court's order must be upheld.

7

*The Support Order and Denial of the New Trial Motion*

As noted, we have construed Vicki's purported appeal from the denial of her motion for a new trial as an appeal from the underlying support order. Vicki has made no separate argument with respect to the support order; rather, her challenge to the entirety of the proceedings is the constitutional due process argument we have addressed above in connection with the denial of her motion to vacate. As we have explained, Vicki's constitutional due process rights were not violated.

Turning to the denial of a new trial (which can be reviewed on appeal from the underlying judgment), appellate review is foreclosed for jurisdictional reasons. "The power of a trial court to rule on a motion for a new trial expires 60 days after (1) the clerk mails the notice of entry of judgment, or (2) a party serves written notice of entry of judgment on the party moving for a new trial, whichever is earlier, or if no such notice is given, then 60 days after filing of the first notice of intent to move for a new trial. (§ 660.) If the motion for a new trial is not ruled upon within the 60–day time period, then 'the effect shall be a denial of the motion without further order of the court.' (§ 660.) The 60–day time limit provided in section 660 is jurisdictional. Consequently, an order granting a motion for a new trial beyond the relevant 60–day time period is void for lack of jurisdiction." (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 500.)

Vicki allowed her new trial motion to languish in the trial court from October 2011 to February 2012, well more than 60 days. Having done so, and thereby insuring the motion's denial by operation of law, she has forfeited review of its denial. (See *Dakota Payphone, LLC v. Alcaraz*, *supra*, 192 Cal.App.4th at p. 500 [" 'It is the duty of the [moving] party to be present and see that his motion for a new trial is set for hearing within the statutory [time] period. If it has been inadvertently continued by the court to a date too late under the statute the party should move the court to advance the matter on the calendar. When [the party] is guilty of lack of diligence in the prosecution and

presentation of his motion, he cannot complain of the court's inadvertence."].)  In any case, the court did not abuse its discretion in denying the new trial motion for the reasons we have discussed above in connection with the motion to vacate.

**DISPOSITION**
The trial court's orders are affirmed.  Respondent to recover costs on appeal.


_____
Banke, J.


We concur:


_____
Margulies, Acting P. J.

_____
Dondero, J.