Filed 7/3/23  Estate of Ruiz CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ESTATE OF VICTORIA RUIZ,<br><br>Deceased<br>_____<br><br>SARA T. HARRISON, as Administrator of Estate,<br><br>　　Petitioner and Respondent,<br><br>v.<br><br>VINCENT RUIZ BOUVET,<br><br>　　Interested Party and Appellant. | 2d Civ. No. B321647<br>(Super. Ct. No. 56-2018-00508275-PR-LA-OXN)<br>(Ventura County) |

Appellant Vincent Ruiz Bouvet (Vincent) and his three siblings, respondent Sara T. Harrison (Sara), Annette Ruiz (Annette) and Robert Ruiz (Robert) (collectively "siblings") inherited the single-family residence owned by their mother,

Victoria Ruiz (Victoria), when she died intestate in 2012.[1]  On the day Victoria died, Vincent privately told each of his siblings that Victoria had given him both the property and her savings so that he would have a place to live.  He repeated that claim to all his siblings at the funeral home the next day.

Vincent and Annette continue to live on the property as they had prior to Victoria's death.  Vincent made no attempt to secure sole ownership of the property until 2018, when Sara brought this probate proceeding on behalf of Victoria's estate.  Vincent then filed a separate action to quiet title based on adverse possession, Case No. 56-2018-00515518-CU-OR-VTA (Quiet Title Action).

That action was tried in November 2019.  At the close of Vincent's case-in-chief, the trial court granted Sara's motion for judgment (Code Civ. Proc., § 631.8).  It found that Vincent had failed to meet his burden of proving by clear and convincing evidence that he had given notice to the other cotenants (i.e., his siblings) of his claim of exclusive ownership of the property.  We affirmed that decision.  (*Ruiz-Bouvet v. Harrison* (Dec. 16, 2021, B304805) [nonpub. opn.] (*Ruiz-Bouvet I*).)

Thereafter, Sara, as the estate's administrator, petitioned the probate court for an order instructing her to file an unlawful detainer action against Vincent and Annette.  The court granted the petition.  Vincent, again appearing in propria persona,[2] appeals that order.  He principally contends the probate court lacked jurisdiction to issue the order because the notice of the

---

[1] For the sake of clarity, we refer to the family members by their first names.  No disrespect is intended.

[2] Vincent is an inactive member of the State Bar.

2

petition to administer Victoria's estate was not properly published.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[3]

The siblings' parents, Victoria and Vincent Canalez Ruiz, acquired the property located at 6825 Dove Street in Ventura in 1972.  Vincent Canalez Ruiz later quitclaimed the property to Victoria, who remained the sole legal owner of the property until her death in March 2012.

Vincent and Annette lived with Victoria until her death.  Annette paid the monthly utility and cable TV bills and Vincent paid $150 per month in rent.  Because Victoria died intestate, the four siblings became equal tenants in common by operation of law.  (See *Mannheim v. Superior Court* (1970) 3 Cal.3d 678, 691 ["It is . . . settled that when a decedent dies intestate, his heirs, both known and unknown, acquire an interest in his estate by operation of law at the moment of death"].)  Thus, as of the date of Victoria's death, each sibling owned an equal one-quarter share of the property as tenants in common.

When Sara petitioned for administration of Victoria's estate, she gave notice to her siblings as required by statute.  The probate court issued letters of administration and appointed Sara as the administrator.

Vincent then filed the Quiet Title Action.  Because Vincent and his siblings were cotenants as a matter of law, he had to prove their ouster from the property by clear and convincing evidence. He failed to do so.  The trial court found that "Vincent's testimony that he told his siblings he was claiming sole ownership to the exclusion of their rights as co-tenants lacks

---

[3] Portions of this section are taken from our prior opinion in *Ruiz-Bouvet I, supra*, B304805.

3

credibility and does not rise [to] the level of clear and convincing evidence." We upheld this decision, concluding that "[s]ubstantial evidence supports [the] trial court's finding that '[o]ther than an oral statement to his siblings shortly after his mother's death, Vincent did not signal in any manner the open hostility and exclusivity of [his] occupation of the property to the extent of an ouster of the other cotenants.'" (*Ruiz-Bouvet I, supra*, B304805.)

Thereafter, the probate court issued an Order of Instructions directing Sara, as the estate administrator, to file the unlawful detainer action against Vincent and Annette. Vincent challenges that order.

## DISCUSSION

### *Standard of Review*

"'In view of the varied nature of the matters which may be freely brought before the probate court [through] a petition for instructions, the action of the court with respect thereto should be upheld in the absence of an abuse of discretion.' [Citation.]" (*Estate of Denton* (1971) 17 Cal.App.3d 1070, 1075.) Under this standard, "we will only interfere with [the probate court's] ruling if we find that under all the evidence, viewed most favorably in support of the [probate] court's action, no judge reasonably could have reached the challenged result." (*Estate of Billings* (1991) 228 Cal.App.3d 426, 430.)

### *Vincent has Implicitly Conceded the Validity of All But One of the Arguments Raised in the Respondent's Brief*

Vincent's 44-page opening brief raises several distinct arguments, which Sara addresses in her brief. Vincent's 37-page reply responds only to the arguments on a single issue: whether the publication of the notice of the probate petition was defective.

4

An appellant's failure to respond to an argument raised in the respondent's brief typically is deemed an implicit concession of the argument's validity.  (*Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89-90 [appellants made implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"]; *Reygoza v. Superior Court* (1991) 230 Cal.App.3d 514, 519 & fn. 4 [same].)

But even if Vincent had preserved these arguments for appeal, he would not prevail.  In addition to the publication issue, Vincent contends the judgment in the Quiet Title Action is void on its face and fails to support the Order for Instructions; the civil court failed to hold the requisite default prove-up hearing before issuing the judgment in the Quiet Title Action; Code of Civil Procedure section 764.010 prohibited the civil court from adjudicating the siblings' respective interests in the property; and the probate court's Order of Instructions is invalid.  As we shall explain, none of these claims has merit.

*Vincent Fails to Establish that Notice of the Petition to Administer Victoria's Estate was Not Properly Published*

When a petition to administer an estate is filed, Probate Code section 8120[4] requires that notice of the hearing on the petition "be published before the hearing in the manner provided in this article."  Section 8121 states that notice of the hearing must be published three times, at least 15 days before the hearing, in a newspaper of general circulation in the city where the decedent resided at the time of death.

The probate court has no authority to entertain the petition unless the publication requirement is satisfied.  Section 8124

---

[4] Unless otherwise stated, all statutory references are to the Probate Code.

5

provides: "A petition for administration of a decedent's estate shall not be heard by the court unless an affidavit showing due publication of the notice of hearing has been filed with the court. The affidavit shall contain a copy of the notice and state the date of its publication." (See *Estate of Buckley* (1982) 132 Cal.App.3d 434, 448.)

Here, the Order of Instructions confirms that "[n]otice to creditors was given by publication of the Notice of Petition to Administer the Estate, pursuant to . . . §§ 8120 and 8121. Publication was made in the Tri-County Sentry, a newspaper of general circulation in the City of Ventura, the city where the Decedent resided at the time of her death. Publication occurred on March 2, March 9, and March 16, 2018. The Affidavit of Publication, showing such publication of Notice in the manner and form required by law, was filed within thirty days after completion of the publication, on March 19, 2018. More than four months have elapsed since the issuance of Petitioner's Letters Testamentary, and since the first publication of the Notice to creditors. All known and reasonably ascertainable creditors described in . . . §9050 have received the notice described in . . . §9054. The time for filing claims has expired . . . ."

Vincent argues the probate court lacked subject matter jurisdiction because the statutory publication requirements were not satisfied. He claims Sara did not establish that notice of the probate hearing was published "in a newspaper of general circulation in the city where the decedent resided at the time of death." (§ 8121, subd. (b).)

Trial courts have authority to adjudicate whether a newspaper qualifies as a "'newspaper of general circulation'" in a particular jurisdiction. (Gov. Code, §§ 6000, 6008; *In re*

6

*Establishment of Eureka Reporter* (2008) 165 Cal.App.4th 891, 897, fn. 4.) On July 12, 1993, the Ventura County Superior Court decreed "that [the] Tri-County [Sentry] Newspaper is a newspaper of general circulation within the intent and meaning of Government Code section 6000." That order was modified on November 4, 1999 and December 18, 2020 to reflect that the Tri-County Sentry is a newspaper of general circulation for specific cities within Ventura County, including "*Ventura*, Moorpark, Simi Valley, Thousand Oaks, Camarillo, Ojai, Fillmore, Santa Paula, and Port Hueneme."[5] (Italics added.)

In his reply brief, Vincent argues for the first time that the Ventura County Superior Court lacked jurisdiction to modify the 1993 order because notice of the proposed 1999 and 2020 modifications was not published pursuant to Government Code section 6020. Absent good cause, we do not consider points raised for the first time in the reply brief. (*Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3.) Not only has Vincent failed to demonstrate good cause, but he also has not overcome the presumption "that official duties have been regularly performed [by trial judges]." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 575; see Evid. Code, § 664.) Vincent assumes the 1999 and 2020 modification orders would have reflected publication if it had indeed occurred, but "'the absence of a recital that jurisdictional requisites were met does not produce a judgment void on its face. [Citations.] To the contrary, all presumptions

---

[5] We grant Sara's unopposed request, filed on February 27, 2023, to take judicial notice of the judgments and orders issued by the Ventura County Superior Court determining that the Tri-County Sentry is a newspaper of general circulation.

7

favor the judgment. [Citations.] If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done.' [Citation.]" (*Elena S.*, at p. 575.) We are bound by this presumption.

### *The Issue of Whether the Quiet Title Judgment is Void on Its Face is Not Properly Before Us*

As previously discussed, the trial court entered judgment against Vincent in the Quiet Title Action, which we affirmed on appeal. (*Ruiz-Bouvet I*, *supra*, B304805.) Vincent now seeks to collaterally attack that judgment as "void on its face." "'"A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll."'" (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 960.)

Vincent did not submit the judgment-roll with his opening brief. After Sara filed her brief, Vincent requested that we take judicial notice of his version of the judgment-roll.

Although an argument that a judgment is void on its face can be reviewed for the first time on appeal, we decline to do so. (See *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 185.) This is not Vincent's first appeal. Vincent challenged the Quiet Title judgment on various grounds in his prior appeal. (*Ruiz-Bouvet I*, *supra*, B304805.) Having failed to argue that the judgment was void on its face, and providing no good cause for his delay, Vincent is precluded from raising the issue now.[6] (See *Rincon EV*

---

[6] We therefore deny Vincent's request, filed on March 15, 2023, to take judicial notice of the trial court's judgment-roll records in the Quiet Title Action, but grant his unopposed request to take judicial notice of the records from his earlier appeal (No. B304805).

*Realty LLC v. CP III Rincon Towers, Inc.* (2019) 43 Cal.App.5th 988, 1001-1004 (*Rincon EV Realty*) [appellants could not raise new issues in second appeal that they could have raised in first appeal].)

### *Vincent Improperly Raises Issues Concerning His Pending Third Appeal (No. B325258)*

Because defaults were entered against Robert and Annette in the Quiet Title Action, judgment was entered only as to Sara individually and as the estate administrator. After we affirmed that judgment, the trial court issued an order to show cause why judgment should not be entered in favor of the two defaulting defendants.

Following briefing, the trial court entered judgment in favor of Robert and Annette. Citing Code of Civil Procedure section 579, the one final judgment rule and the law of the case doctrine, the court concluded it was barred "from doing anything other than entering judgment against Vincent and in favor of Annette and Robert to the same extent as the Judgment entered by the Court on December 12, 2019."[7] Vincent has appealed that decision (No. B325258).

To the extent Vincent raises arguments relating to that appeal, which has yet to be briefed, we decline to address them. We also do not reach his claims that the trial court failed to hold the requisite default prove-up hearing before issuing the Quiet

---

[7] We take judicial notice of the trial court's minute order dated October 26, 2022 regarding the "Court's Order to Show Cause (CCM) Why Judgment Should Not Be Entered in Favor of Defaulted Defendants Ruiz and Against Plaintiff," which was filed in Vincent's third appeal (No. B325258) on January 10, 2023. (Evid. Code, §§ 452, subd. (d), 459.)

9

Title judgment and improperly adjudicated the siblings' respective interests in the property. Those issues could have been raised in Vincent's appeal from the Quiet Title judgment and thus are not reviewable here. (*Rincon EV Realty*, *supra*, 43 Cal.App.5th at pp. 1001-1004; *Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 369.)

In sum, Vincent has failed to demonstrate an abuse of judicial discretion. His arguments either lack merit or were waived.

## DISPOSITION

The judgment (Order Instructing Administrator to File Complaint for Unlawful Detainer) is affirmed. Sara shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:


GILBERT, P. J.


YEGAN, J.

10

Roger L. Lund, Judge
Superior Court County of Ventura

_____


Vincent A. Ruiz, Jr., in pro. per., for Interested Party and Appellant.

Arnold Larochelle Mathews VanConas & Zirbel, Susan L. McCarthy, for Petitioner and Respondent.